UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 05-101-C-EJL |
| | ) | |
| Plaintiff, | ) | MEMORANDUM DECISION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ARNOLD EARL SCOTT and | ) | |
| GERALD LYNN BAINBRIDGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the government's motion to continue trial, presently set for January 17, 2006, and requesting that a new jury trial be reset. The government's motion is based on several grounds, including the sudden unavailability of lead counsel for the government resulting in the lack of sufficient time for substitute counsel to become familiar with this case and prepare for trial, as well as the unavailability of an essential government witness, their DNA expert. In addition, the government claims that a continuance is necessary in light of it's pending motion to sever, because there are extensive recorded statements by the two defendants which both parties may attempt to use during the trial and may necessitate redaction, and, finally, the government notes a possible discrepancy as to the proper charge as to Mr. Scott. The Defendants have filed a joint statement of non-objection to the requested continuance only as to the reasoning regarding the need

for substitution of counsel.  As to the remaining grounds cited by the government, the Defendants oppose those grounds as a basis for a continuance.  The Defendants also request a trial date not before late March of 2006.

The Court has reviewed the record in this case and finds good cause to grant the continuance based on the importance of continuity of counsel and that, due to unforeseen circumstances, substitution of counsel has become necessary.  The Court finds that the ends of justice served by granting a continuance in this case outweigh the best interests of the public and the defendants in a speedy trial.  18 U.S.C. § 3161(h)(8)(A) and (B)(iv).  The Court has reviewed the indictment and charges against the Defendants and concludes that it is in the interests justice that the co-defendants be tried together.  Therefore, the continuance will be as to all the Defendants in this matter.  18 U.S.C. §§ 3161(h)(7).

Additionally, the briefing from both parties in this matter has revealed an issue as to Mr. Scott's Indian or non-Indian status in relation to the charges in this matter.  The government couches this issue in terms of the Court's jurisdiction and argues the issue should be presented to the Court before trial.  In response, Mr. Scott notes he asserted his Indian status on the day of his arrest and that the government has had eight months to clarify the issue, thus arguing a continuance on this basis is without merit.  The Court has reviewed United States v. Bruce, 394 F.3d 1215 (9th Cir. 2005) and finds that its discussion of the issue resolves the parties' inquiry.

## ORDER

Therefore, the Court **HEREBY GRANTS** the government's motion to continue (Dkt. No. 81) and **VACATES** the trial date of January 17, 2006.  The trial as to **ALL DEFENDANTS** is **RESET** for **Tuesday, March 28, 2006 at 9:30 a.m. in Coeur d'Alene, Idaho**.

The Court will consider the pending motions in due course. Any and all period of delay resulting from this continuance, from the date of the motion until the rescheduled trial date, shall be excludable time pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (B)(iv).

DATED: **January 10, 2006**

~~Honor~~able Edward J. Lodge
U. S. District Judge